## CITY OF ELIZABETH v. FITZGERALD.

(Circuit Court of Appeals, Third Circuit. February 26, 1902.)

### No. 25.

1. **TRIAL—SPECIAL SUBMISSIONS TO JURY—POWER OF COURT.**
    A circuit court has power in a proper case to make a special submission of questions of fact to the jury as a preliminary to the general submission of the case or the direction of a verdict.

2. **SAME—QUESTION FOR JURY.**
    The questions whether a contractor with a city had performed the work in substantial compliance with the contract, and whether the refusal of the city's officers to certify that it had been so done, and to approve the same, was unreasonable, are questions of fact, and, where material, and the evidence is conflicting, are proper questions for submission to a jury.

3. **CONTRACTS—RIGHT OF RECOVERY—SUBSTANTIAL PERFORMANCE.**
    A substantial performance of a contract is sufficient to entitle the party so performing to recover thereon.

4. **SAME—ARBITRARY OR UNREASONABLE REFUSAL TO APPROVE WORK.**
    A provision of a contract to perform work for a city requiring the contractor to obtain the certificate of the city engineer that the work

has been done in accordance with the contract, and the approval of such work by certain boards or committees before he is entitled to payment therefor, does not deprive him of the right to recover for the work, where it has been done in substantial conformity to the contract, because the city's officers arbitrarily or unreasonably refuse the certificate and approval called for.[1]

In Error to the Circuit Court of the United States for the District of New Jersey.

James C. Connolly, for plaintiff in error.

Henry B. Twombly, for defendant in error.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

DALLAS, Circuit Judge. Michael Fitzgerald, the defendant in error, brought an action against the city of Elizabeth, the plaintiff in error, to recover for work done by him under a contract for paving one of the streets of that city. It was defended upon the ground that the work had not been done in accordance with the contract, nor certified, approved and accepted in conformity with its terms; and upon its appearing that a portion of it did not literally and exactly conform to the specifications, and that the certificates, approval and acceptance referred to had in fact been withheld, the court was asked to direct a verdict for the defendant. Instead of doing this, the learned judge submitted to the jury the following questions:

"First. Did the plaintiff do the work of paving South Park street substantially according to his contract and specifications? Second. (a) The city surveyor having refused to certify that the work had been done in accordance with the contract and specifications, was that certificate unreasonably refused? (b) The committee on streets and parks, as well as the street commissioner and the inspector, having severally refused to approve and accept the plaintiff's work, was that approval unreasonably refused?"

Each of these questions was affirmatively answered, and thereupon the jury was instructed to render a general verdict for the plaintiff in such sum as, upon the evidence, might appear to be due to him; and this it accordingly did. This mode of procedure, though exceptional, was by no means unprecedented, and it was, we think, properly resorted to in this instance. By the answers of the jury to the specific interrogatories propounded, the questions of fact which the court deemed material were distinctly resolved, and by the "general verdict" the damages to which (if to any sum) the plaintiff was entitled were duly assessed. We are therefore to decide: (1) Whether the questions submitted were, if material, properly for determination by the jury; and, if they were, then (2) whether a substantial performance of the contract on the plaintiff's part was sufficient to support his right of action thereon; and (3) whether, if it was, an unreasonable refusal to certify, approve and accept his work precluded him from recovery.

1. The first of these points presents no difficulty. Whether the plaintiff's work had been done substantially according to the contract,

[1] See Contracts, vol. 11, Cent. Dig. §§ 1308 [i, ll, n, vvv, w], 1310; 1897 Dig. § 113 [j]; 1898 Dig. § 126 [d]; 1899B Dig. § 159 [d]; 1900A Dig. § 150 [b]; 1901A Dig. § 111 [e].

and whether the refusals of the city's officers to certify that it had been so done, and to approve and accept it, were unreasonable, were questions of fact; and, as the evidence respecting them was conflicting, the court was unquestionably right in referring them (their relevancy being assumed) to the jury for determination. The extent to which the work done was not in exact conformity with the specifications was itself a subject of controversy. It was not conclusively shown, on the one hand, that the variances were so trivial as to warrant a binding ruling that they were unsubstantial, or, on the other hand, that they were so obviously important as to require the court to charge that they must be regarded as substantial. Therefore the question of substantial performance, if legally pertinent, was necessarily for the jury; and that the reasonableness of the refusals to certify and approve, if at all open to inquiry, was for decision by it, and not by the court, is, upon familiar principles, indubitable.

2. The jury having found that the plaintiff did his work substantially according to the contract, a sufficient compliance therewith on his part was competently ascertained. "The rule is that a substantial performance must be established to entitle the party claiming the benefit to recover, but this does not mean a literal compliance as to all details." Desmond-Dunne Co. v. Friedman-Doscher Co., 162 N. Y. 486, 56 N E. 995; McCartan v. Inhabitants of Trenton, 57 N. J. Eq. 571, 41 Atl. 830 "Whether * * * alleged defects are substantial or unimportant is a question of fact for the jury. Substantial performance of the entire contract is sufficient, and the jury may properly so find." Pitcairn v. Philip Hiss Co., 113 Fed. 493.

3. The second question propounded to the jury correctly assumed that the contract provided for certification of the work by the city surveyor, and for its approval and acceptance by the committee on streets and parks as well as by the street commissioner and the inspector, and also that such certification, approval and acceptance had been severally refused; so that the only question submitted was, were they unreasonably refused? We have already said that this question, if legally pertinent, was properly referred to the jury, and we now add that, in our opinion, it was a material and important question in the cause. As was said by the learned trial judge, the plaintiff could not, by unreasonable refusals to certify and approve his work, "be deprived of the fruits of his labor." The jury was not left without guidance as to what would constitute an unreasonable refusal. Upon that subject the court said to them:

"Some courts have gone so far as to say that, where a man had substantially, in good faith, complied with the contract, and a certificate was distinctly refused him, without any reason given, or without any reason existing, then that would be unreasonable, and the certificate could be dispensed with. But what have we here? Do you consider that these men are acting whimsically; that they are not acting with good judgment; and, because they honestly believe, and have reason to believe, that this work has not been done according to the contract and specification, that it is not a good job? They tell you what they have seen there, and what defects there are in it; and certainly, if what they say is true, they are far from acting unreasonably in the matter. And as a part of what you can judge as to whether they are acting unreasonably is their very appearance here,

and the way in which they gave their testimony, and all that has occurred about these meetings, with the parties to it, and what has passed back and forth between them."

Hence it must be understood that, by answering the second question affirmatively, the jury found that the officers of the city, in refusing the certification and approval in question, had acted, not upon honest belief that the work had not been done according to the contract, but whimsically, and without cause; and surely such conduct may, without exaggeration, be characterized as unreasonable. Had, then, the defendant's officers the right to arbitrarily refuse the certificates and approval called for by the contract? Both in reason and upon authority it is clear that they had not. "When the consideration furnished is of such a nature that its value will be lost to the plaintiff, either wholly or in great part, unless paid for, a just hesitation must be felt, and clear language required, before deciding that payment is left to the will, or even to the idiosyncrasies, of the interested party. In doubtful cases courts have been inclined to construe agreements of this class as agreements to do the thing in such a way as reasonably ought to satisfy the defendant." Hawkins v. Graham, 149 Mass. 284, 21 N. E. 312, 14 Am. St. Rep. 422; Welch v. Woodworking Co., 61 N. J. Law, 57, 38 Atl. 824; Elevator Co. v. Clark, 26 C. C. A. 100, 80 Fed. 705; Mitchell v. Dougherty, 33 C. C. A. 205, 90 Fed. 639.

All of the 12 specifications, except the eleventh, have been covered by what has been said, and that one is without merit. The only specific objection which was made upon the trial to the admission of the certificates, which it is now contended should have been excluded, was that they were "objected to until the execution of the same has been proven." Thereupon the required proof was made, and then followed a general objection, the ground of which was not stated, but which, from the argument in this court, appears to be that there was not "proper proof of their having been executed or properly filed." As we have said, the proof of execution demanded by the objection as first made was in fact supplied, and we would not be disposed to hold that the court erred in failing to observe, without having its attention directed to the matter, that they had not been shown to have been also "properly filed," even if there had been no evidence that they had been. But inspection of the record has satisfied us that the proof of filing, as well as of the execution of the papers, was amply sufficient to warrant their reception in evidence; and therefore, apart from the consideration just suggested, the eleventh specification of error cannot be sustained.

The judgment of the circuit court is affirmed.