CHICAGO, R. I. & P. RY. CO. v. BROWN.

(Circuit Court of Appeals, Seventh Circuit. January 3, 1911.)

No. 1,691.

1. Master and Servant (§ 289*)—Railway Switchmen—Uncoupling Cars —Contributory Negligence.

　　A railway switchman in a large yard was not guilty of contributory negligence per se in putting his hand between cars and moving along with them in uncoupling, where the safety coupler was out of order,

though he could have avoided resultant injury by waiting until the cars stopped.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 289.*]

2. MASTER AND SERVANT (§ 14*)—RAILWAYS—SAFETY APPLIANCE ACT—CONSTITUTIONALITY.

The federal safety appliance act (Act March 2, 1893, c. 196, 27 Stat. 531 [U. S. Comp. St. 1901, p. 3174]), governing railways, is constitutional.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 14.*

Duty of railroad companies to furnish safe appliances, see note to Felton v. Bullard, 37 C. C. A. 8.]

In Error to the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

Action by Thomas W. Brown against the Chicago, Rock Island & Pacific Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

The writ of error is to reverse a judgment for $8000.00, in favor of defendant in error against plaintiff in error, for damages for the loss of his left leg, while working for plaintiff in error as a night switchman.

The action was upon two counts (a) for violation of the Safety Appliance Act, and (b) common law negligence in not blocking the switches. But inasmuch as the case was submitted to the jury upon each of these counts separately (a verdict of guilty being found in each), and the damages in neither would be changed were the other out of the case, the plaintiff in error must show that there was error in the trial of both counts before a reversal would follow.

Upon the first count, there was a general verdict of guilty, and also a special verdict, answering in the affirmative the three following questions:

"1. Do you find from the evidence that the defendant was guilty of a violation of the United States Safety Appliance Act, as charged in the first count of the declaration?

"2. If you find that the defendant was guilty of a violation of the United States Safety Appliance Act, as charged, do you find from the evidence that such violation was a proximate or concurring cause of plaintiff's injury?

"3. Considering all the evidence, including plaintiff's conduct, both in going between and while between the cars, do you find that he was in the exercise of ordinary care for his own safety?"

The assignments of error are:

That the relation of master and servant did not exist between the parties;

That no negligence was shown upon the part of the defendant;

That the federal safety appliance act, as applied to the facts of the case, is unconstitutional;

That the Court erred in instructing the jury that the plaintiff could not be guilty of contributory negligence in going between the cars;

That the plaintiff was guilty of contributory negligence;

That the Court erred in refusing to direct a verdict for the defendant.

The instruction complained of is as follows:

"This act also provides that if an employé engaged in the service of such carrier sustains an injury by reason of the carrier's failure to obey the law, the employé shall not be held to have assumed the risk of danger or injury resulting from such failure on the part of the carrier. It is also the law, having in mind still the first count, that if the employé goes between the cars to effect an uncoupling he is not chargeable with contributory negligence, that is a failure to exercise ordinary care for his own safety by the mere fact of going in between the cars to effect the uncoupling, and he is required before he can recover to exercise ordinary care for his own safety after he goes between the cars and while he is there endeavoring to effect an uncoupling, that is, the separation of the car."

The facts are stated in the opinion.

M. L. Bell, for plaintiff in error.
James C. McShane, for defendant in error.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

GROSSCUP, Circuit Judge (after stating the facts as above). The defendant in error, a switchman in a large switch yard, was called upon, at night, to uncouple some cars. Not being in touch, by signal, with the engineer, he conveyed his signals to another switchman in advance of him, who conveyed them to the engineer. The cars were in motion on a car track at the time. The uncoupling was to be done by means of shoving the cars in motion. Had the safety appliance been in order, this could have been accomplished by defendant in error while walking at the side of the train. But the safety appliance, on the side of the car on which he was working at the time, would not operate. He gave three or four jerks to it, which failed to open the coupler. He then reached in between the cars and attempted to lift the coupler pin with his fingers, which he was unable to do. He then attempted to reach the pin on the adjacent coupler, in order to lift that with his fingers. During all this time he was walking beside the cars, which were moving slowly. The pin lifting rod on the other car projected, not towards him, but away from him; and as he was reaching for the coupler pin on this adjacent coupler, his foot slipped, and a low brake beam striking his foot, shoved it into an unblocked guard rail, where it was run over and his leg cut off. Had he, under these circumstances, abandoned the uncoupling altogether until the car had come to a standstill, he would have been saved the accident. And it is upon his failure to do this, that plaintiff in error predicates its assignments of error respecting contributory negligence and the refusal of the Court to direct a verdict for the defendant.

In support of its assignments of error in this respect, plaintiff in error cites Gilbert v. B. C. R. & N. R. Co., 128 Fed. 529, 63 C. C. A. 27, Suttle v. Choctaw, Oklahoma & Gulf R. Co., 144 Fed. 668, 75 C. C. A. 470, and Union Pacific R. Co. v. Brady, 161 Fed. 719, 88 C. C. A. 579. In the first of these cases, the negligent act upon which the judgment was based was the switchman's failure to first endeavor to use the lever on the opposite side, because, as the Court said:

"The use of that lever was a less dangerous method of parting the cars."

That case is different, in this respect, from the one before us.

In Suttle v. Choctaw, Oklahoma & Gulf R. Co., the uncoupling was of the caboose, the Court holding that, the platform of the caboose being open to him to cross over to the other pin lifting rod (the one on his side failing to work) "he selected the more dangerous way of performing his duty when a safe way was within his choice."

In Union Pacific R. Co. v. Brady:

"There was no substantial evidence of a defective condition of this appliance. But, if this were not so, it was plaintiff's duty to use the lever on the other car. He said he considered it dangerous to cross between the cars to the other side of the track, although no engine was connected with the stock car, and the switch engine was subject to his orders and could have been quickly directed to pull the coal car further away. Similar and equally insufficient excuses were given for not adopting other obvious ways to get to

the lever on the stock car. In this particular the case falls within the doctrine of Suttle v. Railroad, etc."

These were cases in the Circuit Court of Appeals for the Eighth Circuit. They present cases, in their determinative facts, different from the case under consideration. In the case under consideration there were twelve cars in a string, the car to be uncoupled being about midway. There was no way, therefore, practically open to defendant in error, to go around to the opposite side. The operation of uncoupling was to be done while the train was moving, and there was no opportunity to stop the train; and further, defendant in error, when he received his injuries, could not have reached the pin lifting rod on the adjacent car, projecting on the opposite side of the train, as readily as he could reach the pin itself.

In Gilbert v. B. C. R. & N. R. Co., supra, the following language is used:

"In this way"—after quoting the safety appliance provision—"the duty was imposed upon common carriers by the law to so equip their cars that they could be uncoupled without requiring their servants to go between the ends of the cars. The devolution of this duty upon the carriers necessarily imposed upon their servants the correlative duty of using the equipment thus furnished to them, and of refraining from going between the ends of the cars to couple or uncouple them unless compelled to do so by necessity."

Upon the last sentence of this excerpt, the plaintiff in error particularly relies. In our judgment, "the necessity" existed in the case under consideration; for in large yards, where safety appliances refuse to work, to let the cars go uncoupled under the circumstances disclosed here, might result in blocking the operation of the whole road. There is nothing in the facts before us that shows that the defendant in error might, without violating his duty or doing injury to the road, have stopped the operation of the train until he could have gone around on the other side.

Nor can we believe that the interpretation put upon this act, in the part just quoted from the opinion in Gilbert v. B. C. R. & N. R. Co., is the one intended by Congress. To our minds, the act was intended, not to increase the difficulty of getting compensation for injuries sustained, but to decrease the number of cases in which injuries would happen. It abolishes, in terms, assumption of risk. And where there exists a practical necessity, such as confronted this switchman, to uncouple the cars by some means other than the defective lever, what is done is assumption of risk. Putting his arm between the cars, under such circumstances, and traveling with them, is not per se contributory negligence. If there be contributory negligence at all, it depends, not upon his assuming the risk under the circumstances disclosed, but upon the degree of care with which he acts while in the performance of the work under the assumed risk; and that question, we think, all things considered, was fairly submitted to the jury in the instruction of the Court. Donegan v. B. & N. N. Ry., 165 Fed. 869, 91 C. C. A. 555 (Second Circuit); Taggart v. Republic I. & S. Co., 141 Fed. 910, 73 C. C. A. 144 (Sixth Circuit).

In overruling the other assignments of error, there is no need of any further expression of our views. The existence of negligence,

upon the part of the plaintiff in error, is practically admitted; and the constitutionality of the act has passed into the region of settled law.

The judgment of the Circuit Court is Affirmed.