*W. I. Geer,* for plaintiff.

---

### 2868.    COLUMBUS MANUFACTURING CO. *v.* GRAY.

1. Where, in a suit for damages, the evidence offered is insufficient to sustain an allegation of the petition, as to one ground of negligence, the court should give a peremptory instruction of non-liability upon that ground; but if the court does not give such an instruction, and the defendant makes a request for instructions on the law applicable to such ground of negligence, he can not thereafter complain that because of want of evidence no instructions should have been given on that subject, even though his request was not literally complied with, the general charge upon that subject being correct.

2. Among the absolute, continuous, and non-assignable duties of master to servant is the duty of the former to furnish to the latter a safe place to work, and also to refrain from giving orders which will require the

servant to put himself in .such position as that he will be subjected to risk of injury from a dangerous instrumentality. The failure to perform either of these duties gives rise to a cause of action to a servant injured in consequence of a breach thereof; and this is true even though other causes, beyond the control of the servant, including the supervening negligence of a fellow servant, may have contributed to bring about the injury of which he complains.

3. The declaration as amended was sufficient to withstand the demurrers, general and special, filed by the defendant. The requests to charge, other than as above treated, in so far as the same were legal and pertinent, were covered by the general charge, which was itself full and free from error. The evidence was sufficient to sustain the verdict, and the discretion of the trial court in refusing a new trial was not abused.

Decided September 28, 1911.

Action for damages; from city court of Columbus—Judge Tigner. July 16, 1910.

*C. E. Battle, Howell Hollis,* for plaintiff in error.

*Hatcher & Hatcher, T. T. Miller,* contra.

Russell, J. The plaintiff brought an action to recover damages for personal injuries, wherein, in substance, she alleged, that at the time of her injury she was in the employment of the defendant company in its ·cotton mill, and her business was to operate machines known as warpers; that among other general duties imposed upon her was the duty 'to keep the warpers clean, and to clean them while they were standing idle; that these warpers were operated by pulleys running from overhead shafting; that on the day of her injury the defendant company was engaged in readjusting its shafting so as to remove the warpers from one end of the room, where they had been theretofore operated, to the other end of the room; that there were a number of these warpers, and they had been placed in position at the end of the room at which they were to be thereafter operated, and other workmen for the company, over whom she had no control, were engaged in transferring and installing the shafting in the new position; and that while they were so engaged in removing the shafting, and attaching it to the ceiling of the room above the place to which the warpers had been removed, she was ordered, by the boss or foreman under whom she worked, to proceed with the cleaning of the warpers; that while she was so engaged in and about her work, almost immediately under where the other servants of the defendant were engaged in installing the shafting, a piece of one of the fixtures connected with the shafting became detached, for some reason, and fell

upon her head, causing the injury of which she complains. She alleged, that the persons engaged in removing the shafting were careless and inexperienced; that she did not know of their carelessness or inexperience in and about the work, and, by the exercise of ordinary care and diligence on her part, could not discover the danger incident thereto; that the defendant knew or ought to have known of the danger, and should have given her warning thereof, but failed to do so. She alleged that the defendant was negligent, among other things, because of the failure to warn her of the dangers incident to the removal of the said shafting, boxing and hangers, which dangers were alleged to be wholly unknown to her, and, by the use of ordinary care on her part, could not have been discovered by her, but were known or ought to have been known to the defendant. She alleged that the defendant was negligent because the place where she was instructed to work, considering the character of the work, and dangers incident to the removal of the shafting, pulleys, and hangers overhead, was not a reasonably safe place for her to work, and that she did not know, and had not equal means of knowing, that the place was unsafe, and the defendant knew, or ought to have known, of the dangers: further, that the defendant was negligent in not exercising ordinary care in the selection of the servants engaged in the removal of the shafting, boxing, and hangers before mentioned; that the servants so employed were careless, inexperienced, and negligent in said work; that the defendant knew, or ought to have known, of the incompetency of said servants, and that the plaintiff did not know thereof; and further, that the defendant was negligent in the mode and manner of taking down said shafting, pulleys, hangers and boxing, and in knocking down said boxing as aforestated, a part of which fell upon the plaintiff's head. She avers, in respect to this act of negligence, that she did not know that the said boxing was liable to fall, and had not equal means of knowing of said danger, and by the exercise of ordinary care could not have known thereof; but the defendant knew, or ought to have known, of the danger.

On the trial of the case the evidence in respect to all these matters was somewhat in conflict, but was sufficient to sustain the allegations of the petition, except as to the alleged negligence of the master in the matter of the selection of his servants. Upon

that proposition the evidence seems to have been insufficient to sustain the allegation of negligence. The verdict was in favor of the plaintiff, and a motion for a new trial was made upon the general grounds and upon many other grounds, only a few of which need be separately considered.

1. The court, among other things, charged the jury as follows: "I charge you, gentlemen of the jury, that the master is bound to exercise ordinary care in the selection of servants, and not to retain them after knowledge of incompetency." This charge was excepted to upon the ground that there was no evidence which would justify the submission of that issue to the jury. The evidence upon that point was from two witnesses, one of whom, for the plaintiff, testified as follows: "We had taken down shafting before this. . . . There was a machinist helper. . . We removed the other part of the shafting all right. I do not know whether I was competent or not. It was the first I had ever done, but we were proceeding to do it in the same way as we had been doing for two or three days before. I have seen shafting removed without using ropes." A witness for the defendant, testifying to that point, said: "I am now master mechanic for the Tallassee Mills, and was working with the machines, shafting, etc., of defendant when Mrs. Gray was hurt. The method in which we were proceeding to remove that shafting was in the regulation way, to my best knowledge, and was done with all safety possible. I had worked there ever since the mill was built, in the mechanical department, and I think I am capable and capacitated to do that character of work. We were taking every precaution possible. We were both proceeding in a proper manner to do the work as near as we knew how. I had considerable experience in that class of work."

Thus it will be seen that the testimony was very slight, as to whether or not the servants were themselves competent to do the work; and the master's knowledge as to their competency or incompetency would necessarily be a matter of inference, as there is no evidence that any inquiry was made by the master to ascertain whether they were competent or incompetent, experienced or inexperienced. In this state of the record it may have been proper for the court to give a peremptory instruction of non-liability upon that ground of negligence; but it appears from the record that the defendant requested the court to charge upon that subject as

follows: "I charge you further, that the defendant, being a corporation, can only act through agents; and if these agents, no matter what you call them; whether superintendent, foreman, master mechanic, or otherwise, were engaged in and about the work of removing or taking down the shafting, there can be no recovery in this case because of the acts of such agents or servants, unless it be made to appear, by primary proof, that the master was negligent in selecting incompetent servants or agents, or in keeping them after knowing of their incompetency, or could have, by the use of ordinary care, known that they were incompetent. This incompetency must be proven. It can not be presumed, as I have heretofore charged you; because the presumption is that they were competent." The court further charged upon this subject: "He (the master) is presumed further to have used the ordinary care and diligence required of him by law in the selection of his servants, and, before the plaintiff could recover, she would be bound to prove to your satisfaction to the contrary. The burden is upon her." It appears that the defendant invoked an instruction from the court upon the very proposition upon which thereafter, in his motion for a new trial, he complains that there was no evidence to justify an instruction. It is true that the court did not give the instruction requested by the plaintiff, but had already, given, as will be seen by the extracts from the charge above set out, the correct law upon the general subject. Had the plaintiff stood in the first instance upon the proposition that there was no evidence upon which to predicate such instruction, he might have called in question the charge of the court to which he now excepts, but his request, in and of itself, was an admission in judicio that there was an issue of fact in the case upon the question of incompetency of the servants, their inexperience, and the want of ordinary care on the part of the master in their selection; and we think that if there was error in the first instance in giving the instruction excepted to, that error was waived by the request to charge which we have hereinbefore set out.

2. Upon the question as to whether or not the master was negligent in failing to furnish to the plaintiff a safe place to work, and as to whether or not she was working under orders of her superior appointed of the master to control her movements in and about her work, which orders required her to work in a place where she

would be subjected to risk of injury from dangerous instrumentalities, the evidence was in conflict, but these issues were found for the plaintiff, and we are not disposed to disturb that finding. The evidence was such as to justify the jury in finding that under the circumstances under which the rearrangement of the pulleys and shafting was being made, the place at which the plaintiff did the work at the time she was injured was one at which she was exposed to perils resulting, not from her own negligence, but from causes over which she had no control. The evidence further shows, to our satisfaction, that she was at work at this place under the orders of her superior, who, as to that matter, and so far as her movements were concerned, stood in the place of the master. The primary negligence of the master consisted in requiring her to work in a place where she was exposed to these dangers. The proximate cause of her injury was this requirement of the master. The proximate cause of the injury was the breach of the duty on the part of the master to furnish to her a safe place to work, and the breach of his duty, in that he required her to work at a place where she was, without fault on her part, exposed to these dangers. Whether the master knew, or ought to have known, of the dangers, and whether he required her to work at this place, or whether she was a mere volunteer, were questions which were submitted to the jury fairly, and on which they found against the defendant. We do not think that the mere supervening negligence of a fellow servant, or other cause over which the injured servant has no control, should defeat her recovery where the proximate cause of injury is the breach by the master of either of his non-assignable duties. The various questions urged in the case have been presented in many forms, in the various grounds of the motion for new trial, but the substance of all of them is embraced in the propositions which we have mentioned above.

3. There was ample evidence to sustain the verdict, and the discretion of the trial judge in refusing a new trial was not abused.

*Judgment affirmed.*

POWELL, J., dissenting. I concur in the opinion of the court generally, but there was one instruction on a vital point in the case (not specifically discussed in the opinion and not of sufficient general interest to the profession to justify further discussion by me now) which seems to me to be directly contrary to the decision of

the Supreme Court in *Georgia Coal Co.* v. *Bradford,* 131 *Ga.* 289 (62 S. E. 193). The other members of the court are able to differentiate the facts of that case from those involved in the case at bar, and I am not; so I must dissent.