## 25269. SOUTHERN RAILWAY COMPANY *v.* WILLIAMSON.

Decided July 3, 1936.

*Neely, Marshall & Greene,* for plaintiff in error.

*Hewlett & Dennis,* contra.

Stephens, J. In the petition of J. D. Williamson against Southern Railway Company it was alleged that on March 2, 1934, he was working as a switchman under the direction of the defendant's foreman, Kelly, and the defendant's yardmaster, Clyburn; that a part of his duties was to assist in the making up of trains by switching cars from a lead-track in the defendant's yard into certain switch-tracks which ran off from the same; that on the day stated, Kelly and Clyburn were engaged in building in the yard a freight-train which was destined for a point in Florida; that the defendant and the plaintiff while building the train were engaged in interstate commerce; that approximately sixteen cars were assembled on a lead-track; that pursuant to his duties he rode a cut of two cars into switch-track number 5, and after stopping said cars, as he went up the track to where the foreman and the yardmaster were standing, the latter signaled him to line the switch of track number 4, which he did, and Kelly cut off two of the cars on the lead-track, which the plaintiff caught and rode into track number 1, the switch having already been thrown; that in so doing he rode upon the rear end of the cut, with his back toward the foreman and the yardmaster, and was busily engaged all the while in applying the brakes of the cars, and as he was preparing to dismount from them another car from the cut ran into the car on which he was riding, and caught his right foot and ankle in the drawhead and injured him; that said car was cut off by Clyburn, and was allowed by Clyburn and Kelly to go into track number 1 without any warning to the plaintiff, and with nobody thereon to control its movement; that he knew nothing of the contemplated movement of said car, was not warned thereof by any servant of the defendant, and had his back to said car at all times while he was riding the cars first sent into track number 1; that, having

just lined the switch at track number 4, he thought that in the next switching movement cars would be sent into track number 4; that when two or more cars which were coupled together were to be moved from a lead-track to a switch-track it was the custom of the defendant to accomplish the same by a single movement, which custom he relied on; that at said time said custom was violated by the defendant through its foreman and its yard-master, and the violation thereof is commonly known as "splitting a cut;" (17) "that it was a common practice of the defendant to give to each switchman a switch list on which was indicated the number of cars to be switched and the destination of the cars going into each track, and the order in which they were to be placed therein, but on said occasion no switch list had been furnished to your petitioner by either said foreman or said yardmaster;" (18) "that said switch list was not furnished by said foreman, whose duty it was to do so, because the defendant's yardmaster, who was superior to said foreman, took charge of said switching operations and carried same forward without allowing time for the preparation of a switch list;" that he suffered painful and permanent injuries, losing one of his legs, and was compelled to spend various sums in the treatment of his injury; that he "was in the exercise of ordinary care and his injuries were solely occasioned by the negligence of the defendant in the particulars hereinafter set forth;" (23) "that the defendant was negligent (a) in failing to give petitioner any notice of the movement of the car which ran into him; (b) in failing to warn your petitioner at the time that said second car was sent into track number 1; (c) in violating the custom and practice with respect to splitting a cut; (d) in failing to provide your petitioner with a switch list; (e) in failing to so regulate and control the movement of the last car sent into track number 1 as to avoid doing injury to petitioner."

The defendant answered, denying all allegations of negligence, and averring that the sole cause of any injury to the plaintiff was his own negligence amounting to a failure to exercise ordinary care for his safety, and that his negligence contributed proximately to any injuries he may have sustained. A verdict for the plaintiff was returned. A motion for new trial was overruled, and the defendant excepted.

■ Grounds 1, 3, and 4 of the motion for new trial relate to

the same matter, and may be considered together. In paragraphs 17 and 18, quoted above, it was alleged that it was the defendant's practice to give each switchman a switch list, but the plaintiff was not furnished such a list on the occasion when he was injured. In these paragraphs there was no allegation that the failure to furnish the list constituted negligence by the defendant; but in paragraph 23, quoted above, such failure was given as one of the acts of negligence which caused the injury. Before the court charged the jury, and on the last day of the trial which extended over four days, the plaintiff obtained and filed a formal amendment to his petition, "by striking subparagraph (d) of paragraph 23 of the petition in its entirety, which is as follows: 'in failing to provide your petitioner with a switch list.'" In stating to the jury the substance of the petition the court told them that the plaintiff alleged "that the defendant was negligent in certain particulars as will hereinafter be called to your attention." Later the court charged: "The plaintiff files an amendment, gentlemen, in which he withdraws and strikes subparagraph 23 of his petition entirely, which is as follows: 'in failure to provide plaintiff with a switching list.'" Later the court charged as to the plaintiff's specifications of negligence, reciting literally the specifications in paragraph 23, except the one relating to a switch list. Then the charge continued: "When you come to pass upon the question whether the defendant was or was not negligent, you would be confined to these specifications of negligence in the plaintiff's petition in which he charges negligence. You would not be authorized to go outside and inquire whether the defendant was or was not negligent in some other or in any other particulars than in the petition thus alleged; the law being that, if he recovers, he must recover upon his case as he presents it to the court and jury in his petition." The charge last quoted is complained of as error, in that it authorized the jury to consider all the allegations of negligence as charged in the original petition, including the one which had been stricken by amendment. In view of the whole charge, it can not be assumed that the jury would conclude that the court meant to restore to the petition or to the case a contention which the plaintiff had abandoned, and which abandonment had been distinctly called to their attention by the court. Other excerpts from the charge are criticized in the same way in these

grounds of the motion. *Atlanta Gas-Light Co.* v. *Cook,* 35 *Ga. App.* 622 (3) (134 S. E. 198) ; *Western & Atlantic Railroad Co.* v. *Mathis,* 32 *Ga. App.* 308 (3) (122 S. E. 818). The case of *Atlantic Coast Line R. Co.* v. *Baker,* 32 *Ga. App.* 513 (124 S. E. 57), relied upon by the plaintiff in error, is distinguishable from the cases above cited and from the case at bar. Besides, it has little force as a precedent, because the court qualified the decision with the expression, "Under the particular facts of the case."

■ The second ground of the motion complains of the admission, over objection, of testimony by the plaintiff regarding the practice of furnishing switchmen with a switch list, the objection being that it was irrelevant, because the plaintiff assumed the risk if he undertook to switch cars without having a switch list. This testimony is also referred to in connection with the first ground of the motion. At the time it was admitted the plaintiff had not amended the petition so as to strike therefrom the specification of negligence by failing to furnish a switch list, and the testimony was directly probative of allegations in the petition which had not been demurred to. It was not error to admit it at the time when it was admitted. No motion to exclude it was made after the plaintiff's amendment was allowed. As already shown, however, the charge of the court finally excluded the switch-list matter from being considered by the jury as an act of negligence by the defendant.

■ Ground 5 of the motion alleges that the court erred in refusing a request to charge to the effect that the plaintiff could not recover if, in dismounting from the car, he used as a step a handhold which was not intended as a step for dismounting, and such use of the hand-hold was the sole proximate cause of the injury. It was not error to refuse this charge, because whether the plaintiff failed to use ordinary care was a question for the jury under all the facts of the case, and the court could not tell the jury that the method of dismounting from the car which the plaintiff said he followed was improper or negligent and that he could not recover for that reason. The contention of the defendant as to the use by the plaintiff of an unauthorized instrumentality was properly submitted to the jury. Ground 6 of the motion alleges error in refusing a requested instruction which described a certain mode of dismounting (by placing a foot on the drawhead, etc.), and

concluded with the statement that if the plaintiff followed that mode he could not recover. This request is subject to the same objection as the one in ground 5, considered above.

■ The request to charge as set out in ground 7 of the motion, to the effect that the plaintiff could not recover if he was injured in a manner different from that described in his testimony, was fully and fairly covered in the charge as given, although in language less argumentative than that of the request.

■ It is alleged in the 8th ground that the court erred in excluding from evidence, on cross-examination, the testimony of an expert railroad man that it was more dangerous to dismount a car by placing the foot on the drawhead or coupler than it would be by using the end ladder or by using the side ladder in dismounting. This was objected to by the plaintiff's counsel, on the ground that there was no proof that the plaintiff had ever put his foot on the coupler. The court did not err in sustaining this objection. The plaintiff's testimony as to where he put his foot, which was on the stirrup, was uncontradicted. No other witness testified as to this. Besides, the court charged the jury that if they should believe that the plaintiff was not injured in the manner described by him in his evidence, he would not be entitled to recover.

The general grounds of the motion and the ground alleging excessiveness of the verdict are not argued in the brief for the plaintiff in error, and need no discussion. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Sutton and MacIntyre, JJ., concur. Jenkins, P. J., disqualified.*