31709. ATLANTIC COAST LINE RAILROAD COMPANY
*v.* ANDERSON, executrix.

DECIDED OCTOBER 3, 1947. REHEARING DENIED OCTOBER 24, 1947.

*Bell & Baker, Bennet, Peacock & Perry,* for plaintiff in error.
*Arnold, Gambrell & Arnold, Ira Carlisle,* contra.

PARKER, J. This is the second appearance of this case in this court. The facts are fully stated in the decision in 73 *Ga. App.*

343 (36 S. E. 2d, 435), which was affirmed by the Supreme Court in 200 *Ga.* 801 (38 S. E. 2d, 610). Upon the second trial the plaintiff, Mrs. Eula Anderson, obtained another verdict and judgment against the defendant, Atlantic Coast Line Railroad Company, for damages for the death of her husband in a collision of trains operated by the defendant. The defendant's motion for new trial was overruled and it excepted. Although eight special grounds are included in the motion as amended, only grounds two, five and eight have been argued and are insisted upon in this court.

■ The evidence upon the two trials was substantially the same. A comparison of the records shows that all of the witnesses who appeared for the plaintiff in the first trial testified in the last trial, and also one additional witness who saw the collision between the trains. All of the witnesses for the defendant on the first trial, with the exception of three, testified on the last trial, but no new or additional witnesses were sworn by the defendant. The documentary evidence was practically the same in both trials. Therefore the evidence in the two trials is not materially different. We held in effect on the first appeal that the evidence supported the verdict on the first trial, and although the second verdict for the plaintiff was substantially larger than the first, we can not say on the general grounds of the motion that it was unauthorized.

■ Ground two of the amended motion avers that the trial judge erred in failing to charge the jury a written request as follows: "I charge you further that the mere fact that the accident would not have happened if the conductor on Mr. Anderson's train, and the engineer on the other train had acted as it is claimed they should have acted, does not require the conclusion on your part that their conduct was a contributing cause to Mr. Anderson's death. The question of what was the proximate cause of his injury is the question solely for your determination within the rules of law given you in charge by the court."

The plaintiff in error contends that the charge requested embodied a correct legal principle which was applicable to the facts of the case, and that the court erred in refusing it even though in principle and in more abstract terms the charge requested may have been covered by other instructions given by the court. A long list of cases beginning with *Terry* v. *State,* 17 *Ga.* 204, and

ending with *W. & A. R. Co.* v. *Frazier,* 66 *Ga. App.* 275 (18 S. E.
2d, 45), is cited to sustain these contentions. As a general rule
a ground of a motion for new trial complaining of the refusal of
the court to charge a written request is not valid where it appears
that in the charge given the request was substantially covered; but
there are exceptions to this rule. "A specific charge which is legal
and adjusted to a distinct matter in issue, . . and which may
materially aid the jury, should be given as requested although in
principle and in more general and abstract terms it may be covered
by other instructions given by the court." *Metropolitan R. Co.*
v. *Johnson,* 90 *Ga.* 501 (5) (16 S. E. 49), *Thompson* v. *Thompson,*
77 *Ga.* 692 (3 S. E. 261), *Crawford* v. *State,* 117 *Ga.* 247 (4)
(43 S. E. 762), and *Kaufman* v. *Young,* 32 *Ga. App.* 135 (2)
(122 S. E. 822). "A refusal to instruct the jury in accordance
with a correct request, duly made in writing and particularly appro-
priate to the facts of the case, is, when the refusal probably resulted
in harm to the party making such request, cause requiring the
grant of a new trial, though the court gave in charge an abstract
principle of law covering the request." *Central of Georgia Ry.*
*Co.* v. *Goodman,* 119 *Ga.* 234 (2) (45 S. E. 969). A leading case
cited by counsel for both parties in which the general rule and the
exceptions are ably discussed is *Werk* v. *Big Bunker Hill Mining*
*Corporation,* 193 *Ga.* 217 (17 S. E. 2d, 825).

A specific charge requested must be legal and correct as a matter
of law, and if it does not state a correct principle of law it should
be refused. We have considered the request refused by the court
in this case very carefully, and without regard to any other objec-
tions that may be made to it, we have concluded that it does not
state a correct legal principle. The charge requested referred to
the conduct of the conductor on Mr. Anderson's train, and to the
acts and conduct of the engineer on the other train, and it related
to the specific negligence alleged against said conductor and engi-
neer. As to the conductor, it was claimed that he did not apply
the brakes on his train and stop the same promptly upon the failure
of the deceased to blow the meeting point signal before reaching
that point, and the negligence claimed against the engineer on the
approaching train was that he did not maintain a lookout down
the track, and did not discover the other train on the main line,
and did not exercise ordinary care in stopping his train before .

striking deceased's train. The alleged negligence of these two employees, the conductor and the engineer, was all the negligence charged by the plaintiff against the defendant after other allegations of negligence had been stricken on demurrer.

The request submitted, if charged, would have instructed the jury that even though the collision would not have occurred if the conductor and the engineer had not been negligent, this fact did not require the conclusion that their negligence was a contributing cause of the collision. We do not think this was a correct statement of the law applicable to the case. Exactly the reverse of what the request contained seems to us to be correct. If there would have been no collision had the conductor and engineer not been guilty of negligence in one or more of the ways alleged, it seems to follow that if they were negligent such negligence necessarily contributed to the collision and the death of the deceased. In other words, if the jury found as a matter of fact that without the negligence of the conductor and the engineer there would have been no collision, such finding *would* require a conclusion on their part that such negligent conduct was a contributing cause of Mr. Anderson's death. If the collision would not have occurred, had the conductor and the engineer not been negligent as alleged, causes wholly outside of their negligence did not operate alone to bring about the collision. It must follow that if there would have been no collision without their negligence, such negligence in part caused the collision and necessarily thus contributed thereto. The charge requested was tantamount to an instruction that even though the conductor and engineer were negligent in the ways alleged by the plaintiff, and that their negligence caused the collision in that it would not have occurred without their negligence, the jury could still find that their negligence could not have contributed to the collision and the death of the plaintiff's husband. We think the request was properly refused for the reasons stated.

■ Ground five alleges that the court erred in submitting in the charge to the jury a ground of negligence not authorized by the evidence and which could not constitute a basis for a recovery. One of the acts of negligence alleged against the engineer on train number 57, which ran into the deceased engineer's train, number 12, was that he was negligent in not exercising ordinary care to ·bring his train to a stop after seeing the other train on the main

line. It may be conceded under the authorities that follow that if there was no evidence to support this ground of negligence it should not have been submitted to the jury. *Columbus Mfg. Co. v. Gray,* 9 *Ga. App.* 738 (72 S. E. 273) ; *Americus Gas & Electric Co.* v. *Coleman,* 16 *Ga. App.* 17 (84 S. E. 493) ; *A. C. L. R. Co.* v. *Baker,* 32 *Ga. App.* 513 (123 S. E. 909) ; *W. & A. R. Co.* v. *Branan,* 123 *Ga.* 692 (51 S. E. 650) ; *Central of Georgia Ry. Co.* v. *Keating,* 177 *Ga.* 345 (170 S. E. 493). On the other hand, the charge should cover every contention of the parties made by the pleadings in the case and supported by the evidence. "It is the duty of the court to instruct the jury as to the law applicable to every material issue in the case, even in the absence of any request; but where an issue, though raised in the pleadings, is not supported in the evidence, it is error to charge upon any issue which is not supported by evidence." *Investors' Syndicate* v. *Thompson,* 172 *Ga.* 203 (158 S. E. 20). "A charge is proper if there is any evidence authorizing it; and, when a distinct issue is presented in the pleadings, it is not error to charge the law in relation thereto, though the evidence be slight upon that particular point." *Bowie Martin Inc.* v. *Dews,* 73 *Ga. App.* 73 (35 S. E. 2d, 577), and citations.

Whether the court erred in submitting an issue not supported by the evidence depends entirely upon the evidence. The engineer on number 57 testified that when he saw train number 12 on the main-line track he immediately applied the emergency brakes, and put his engine in reverse and did everything that could be done for the purpose of stopping his train. It is the contention of the railroad company that there was no evidence sufficient to contradict and overcome the testimony of this engineer and that no issue was made by the evidence on this point. It appears from the testimony of the engineer that he saw the deceased's train on the main line when he was at least 985 feet from it; that his train was traveling around 50 miles an hour just as he came from under the overhead bridge and could see the other train. He admitted that he could have stopped his train in about 650 feet if it had been going at 30 miles an hour. His fireman testified that in his opinion train number 57 was "going between 30 or 35 or 40 miles an hour" down by the overhead bridge; instead of about 50 miles an hour as testified by the engineer. All of the evidence tended to show that the bridge was in the neighborhood of 1000 feet from where the

trains collided, and if the testimony of the fireman as to the speed of his train at the bridge was correct, and the testimony of the engineer as to how quickly he could stop the train going 30 miles an hour, there was a question for the jury as to whether or not the engineer exercised proper diligence in undertaking to stop his train. Furthermore, on this question of stopping the train, the conductor on number 12 testified to the effect that the other train, going 25 or 30 miles an hour, could be stopped in five or six car lengths, about 200 feet. The fireman on number 12 testified that the engineer on number 57 jumped off just as he came in sight, his testimony being in part as follows: "The engineer of the other train jumped off. I don't know how far his locomotive was from my locomotive at the time he jumped—he jumped off about the time he seen us—about the time he got in sight where I could see him, he ran out the gangway and jumped off, just as he came out from under the bridge, he jumped off." This testimony was in conflict with the testimony of the engineer as to when he jumped from his train, and may have tended to show what diligence or lack of diligence the engineer exercised after seeing the other train. It will be noted that the testimony referred to thus far came from witnesses who were employees of the railroad company at the time of the collision, namely, the engineer on train number 57 and his fireman, and the conductor and fireman on train number 12. Another witness who was a former railroad engineer for about 25 years with the Southern Railway Company testified that an engine and train of the length and type of train number 57 going at a speed of 50 miles an hour, could be stopped in 500 feet or less on application of the emergency brakes. Another witness for the plaintiff testified that he saw both trains, that number 12 stopped on the track just back of his house, and that when the other train, number 57, came under the bridge it was running pretty fast, and as to whether it changed its speed, "It looked like if it had changed any I couldn't tell it."

We think it clearly appears from this testimony of the several witnesses referred to that a question was presented for the jury as to whether the engineer on train number 57 exercised all due care and diligence in stopping his train after he observed the other train on the track immediately in front of him, and that this issue was properly submitted to the jury. See *Newman* v.

*Southern Ry. Co.*, 57 *Ga. App.* 70 (194 S. E. 237), and the same case on certiorari, 187 *Ga.* 132 (199 S. E. 753); *Southern Ry. Co.* v. *Blanton,* 63 *Ga. App.* 93 (10 S. E. 2d, 430). Without analyzing in detail the several cases relied on by the railroad company and cited in its brief in support of its contentions, we may say that none of them are in point. Certainly courts and juries cannot arbitrarily disregard positive, uncontradicted and unimpeached testimony, but that is not the situation we have here. As pointed out from the testimony there was evidence conflicting with the testimony of the engineer making a jury question as to his diligence in undertaking to stop his train. The railroad relies strongly on the case of *Atlanta & Charlotte Airline Ry. Co.* v. *Gravitt,* 93 *Ga.* 369 (20 S. E. 550, 26 L. R. A. 553, 44 Am. St. R. 145). The ruling there does not conflict with the ruling here because the facts are different. There was substantially more evidence in this case than the mere opinion of one witness, as in the *Gravitt* case, conflicting with the testimony of the engineer. This ground of the motion shows no error.

■ Ground eight complains of the overruling of a motion for mistrial made by the defendant because of alleged improper remarks of counsel for the plaintiff. It appears that at the conclusion of the evidence and during a discussion of certain law points between the court and counsel, Mr. Arnold, one of the leading counsel for the plaintiff, stated in the presence of the jury that: "Mr. Anderson (the deceased engineer) was doing as the followers of Christ should do, staying at his post of duty. The defendant claims that he stayed when he ought not to have done so. It is true that he could have done like engineer Arnold, jumped like a rabbit." Thereupon counsel for the defendant moved for a mistrial because of "the inflammatory remarks of counsel" for the plaintiff. The court denied the motion in these words: "I overrule the motion. You can argue the case to the jury, Mr. Arnold, but don't argue anything that is not in the record."

It is contended by the defendant that it did not claim in its pleadings, or in the trial of the case, that engineer Anderson was negligent in not jumping from his train after it stopped; and that the language used by counsel for the plaintiff was highly inflammatory and prejudicial, and was unwarranted by the facts.

It is contended by the plaintiff that the defendant objected to the remarks of counsel during the trial solely on the ground that they were inflammatory, and did not then claim they misstated the facts; and that the language was warranted by the pleadings and the evidence and was in no sense inflammatory or prejudicial to the defendant. To review these contentions in detail in an opinion would require references to parts of the pleadings and much of the evidence, and we do not think that necessary or proper. We have carefully considered the several cases cited by the defendant in which it has been held that a mistrial should have been granted on account of improper remarks of counsel, and none of them seem to us to require a conclusion different from the one we have reached in this case. As stated in *Central of Georgia Ry. Co.* v. *White*, 49 *Ga. App.* 292 (175 S. E. 407), and in *Brown* v. *Wilson*, 55 *Ga. App.* 264 (189 S. E. 860), cases cited by the defendant, "No fixed rule may be laid down as to when improper remarks or conduct of counsel in the trial of a case are or are not sufficiently corrected by instructions of the court to the jury to disregard them, as this must be determined under the particular facts and circumstances of each case." The trial judge necessarily has a broad discretion in passing on a motion for mistrial, in insuring justice and fairness to all litigants, and in promoting dispatch and economy in the administration of the courts over which he presides. See *L. & N. R. Co.* v. *McCamy*, 72 *Ga. App.* 769 (3) (35 S. E. 2d, 206), and *Manchester* v. *State*, 171 *Ga.* 121 (7) (155 S. E. 11). Each case must stand or fall on its own particular facts, and unless it appears that the judge abused the discretion vested in him by law, his ruling should not be disturbed. See *Yellow Cab Company* v. *Adams*, 71 *Ga. App.* 404, 416 (31 S. E. 2d, 195), and citations therein.

Under the rules of law applicable to this ground of the motion for new trial, we can not say that the remarks complained of were not authorized under the record and the evidence, or that they were inflammatory or prejudicial to the defendant, and that the trial judge abused his discretion in overruling the motion for mistrial.

*Judgment affirmed. Sutton, C. J., concurs. Felton, J., concurs specially.*

837

FELTON, J., concurring specially. I concur in the judgment and the rulings in grounds one, three, and four. I concur in the conclusion that the court did not err in refusing to give in charge the request shown in division two of the opinion but I cannot subscribe to the reasons given for the ruling. Technically, and as far as it goes the request is a correct statement of the law in such a case as this where the question is whether one of two or more concurring acts of negligence on the part of different parties constitutes the proximate cause of an injury. The contention of the widow here was that the negligence of the conductor on one train and the engineer on the other was the proximate cause of the injuries. The railroad contended that the proximate cause was the negligence of the deceased engineer. The rule in such cases is that the jury is not required to find that any one act of negligence is a contributing proximate cause merely because the injury would not have occurred in the absence of such act of negligence. The request here stated the rule as to the railroad's contention and point of view, but did not state the principle as applicable also to the widow's contention. To be complete and fair as a principle of law covering all issues it should have also included the statement that the jury would also not be required to find that the deceased engineer's negligence was the sole proximate cause of the wreck merely because without his negligence the wreck would not have occurred.