39123.   WILLIAMS *et al.* v. VINSON.

DECIDED NOVEMBER 13, 1961—REHEARING DENIED
NOVEMBER 30, 1961.

*Dudley Cook, T. Reese Watkins, Harris, Russell & Watkins,* for plaintiffs in error.

*Buckner F. Melton, Roy B. Rhodenhiser, Jr., Mitchell P. House, Jr.,* contra.

CARLISLE, Presiding Judge. ■ The fourth special ground

complains of error because the trial court failed to charge without request that the plaintiff was under a duty to exercise ordinary care and diligence for her own safety and because the judge failed to instruct the jury that they could apply the comparative negligence doctrine. The evidence in this case showed that plaintiff, a woman 26 years of age, was driving her automobile in a southerly direction along Broadway in Macon, where said street passes beneath two railroad bridges, or underpasses. Riding with her were her husband and three small children. The time was about 6 p.m. on December 7, 1960, at about "dusk dark." Her automobile, a 1950 model Ford, was in good operating condition with good brakes, steering and headlights. The defendant Williams was operating a large tractor-trailer truck in a northerly direction along said street at the same time and place. The trailer of his truck had a stake-type body and had loaded thereon 15 "dollies" which the testimony showed consisted of heavy metal frames, or platforms, approximately four by six feet, to which were affixed four steel or iron casters, or wheels, eight inches in diameter, said dollies also having a structure at one end designed to be attached vertically to the platform, said structure being about the same size and dimensions as the platform. This latter structure had been disconnected from the platform and strapped or attached to the platform for shipment purposes. Some of these "dollies" were crated, or in boxes, but others were uncrated. Each complete "dolly" weighed about 350 pounds. On top of the entire load were three uncrated dollies, two of them being banded together with 3/4-inch steel banding iron. The entire load was attached to the trailer with five chains, one of the chains, according to the testimony, passing over or around the dollies loaded on top. The defendant Williams and another witness testified that after these dollies had been loaded at Warner Robins they had measured the height of the load to ascertain whether it met the legal limits for truck heights of 12 feet, 6 inches, provided by the laws of South Carolina and North Carolina, through which States the shipment was being made. These witnesses testified that they measured the height of the loaded truck at 12 feet, one inch. However, as Williams attempted to drive the truck

beneath the southernmost of the two railroad bridges, one or more of the uncrated dollies loaded on top struck the bridge girder and was knocked from the truck. As it fell from defendant's truck, the plaintiff's automobile, traveling in the opposite direction, emerged from under the bridge and one of the dollies fell on the top thereof crushing in the top and inflicting the injuries for which the plaintiff sued. The plaintiff testified that she never saw what struck her automobile until after the automobile was stopped and she was removed therefrom when she saw the "dolly" lying in the street. One of the witnesses for the plaintiff testified that he was following the defendant's truck at a distance of about 50 feet, and that as the truck approached the bridge he observed that it was not going to clear the bridge and that he stopped his automobile in time to avoid becoming involved in the occurrence.

The gist of the defendant's contention in this ground of the motion for a new trial is, first, that the plaintiff, whose testimony showed that she was driving her automobile at 25 miles per hour, was negligent in proceeding under the railroad bridge at that speed while meeting the defendant's truck; and, further, that she was negligent in failing to observe that the defendant's truck was about to strike the bridge and in failing to take appropriate steps to avoid the defendant's negligence. These contentions are wholly without merit. No duty devolves upon one driving an automobile along the streets and highways to look for or anticipate negligence of the type here involved. The duty of care devolving upon the driver of an automobile to keep a lookout ahead is a duty to keep a lookout with respect to other vehicular traffic and pedestrians lawfully *upon the roadway* and to avoid striking fixed obstructions lawfully erected in or adjacent to the roadway. So far as surface travel by motor vehicle is concerned, the driver thereof moves in a two-dimensional world, confined to the surface of the street or highway on which he travels and of intersecting streets or highways. The duty of anticipation extends to whatever is on those surfaces or in the space above and sufficiently close thereto to reasonably come within the range of the operation of his vehicle. He is not required to anticipate the movement of objects from

above or below the surface on which he travels unless some fact or circumstance puts him on notice of such movement. Consequently, no driver is chargeable with a duty to anticipate that a vehicle being operated in the opposite direction and in its own lane of travel will fail to clear an overhead obstruction and thus propel or cast down upon the driver's vehicle a heavy object. Neither is a driver required, in the exercise of ordinary care, to observe the height of vehicles approaching from the opposite direction and to make a judgment as to whether such vehicles being operated in their proper lane will clear overhead obstructions and to anticipate that, if they do not clear such obstructions, portions of such vehicle or portions of its load will be cast from the opposite lane over into the driver's lane of traffic. To require diligence as to such matters would require the automobile driver to divert his attention from the roadway ahead each time he meets a large truck and to examine such vehicle to ascertain whether it might strike some overhead obstruction. This would seem to be productive of more mischief than it would prevent since it would materially increase the hazard that, while the driver was examining trucks approaching in the opposite lane of traffic, he might collide with other vehicles or objects in his own path which he should have observed but for his preoccupation with the truck.

This case is clearly distinguishable from one in which the obstruction suddenly or lately appears in the path of the plaintiff's automobile and a question is presented as to whether the plaintiff acted prudently in avoiding striking such an obstruction. "The duty imposed by law upon all persons to exercise ordinary care to avoid the consequences of another's negligence does not arise until the negligence of such other is existing and is apparent, or the circumstances are such that an ordinarily prudent person would have reason to apprehend its existence. *Western & Atlantic R. Co. v. Ferguson*, 113 Ga. 708 (39 SE 306, 54 LRA 802), and cases there cited." *Augusta-Aiken Ry. &c. Corp. v. Jones*, 15 Ga. App. 93 (82 SE 665). Here the evidence clearly shows that the plaintiff, being under no duty to anticipate such an occurrence, had no forewarning that the heavy object would come crashing down upon her automobile,

and it appears, as a matter of law, that under the circumstances she was not guilty of any negligence proximately contributing to her injury. While the defendants pled in their answer, generally, that the plaintiff failed to exercise ordinary care and diligence for her own safety, the answer contained no specification of any negligent act, and even if it be said that it was sufficient to raise any issue as to the plaintiff's negligence, it was wholly unsupported by the evidence, and the trial court did not err in failing and refusing to charge this principle of law. *Limbert v. Bishop,* 96 Ga. App. 652 (1) (101 SE2d 148).

■ In the fifth and sixth grounds of the motion, error is assigned on a portion of the charge of the court to the effect that the plaintiff would be entitled to recover if she had proved by a preponderance of the evidence that the defendant was negligent, as alleged, in at least one of the grounds of negligence set out in her amended petition, and that it was not necessary for the plaintiff to prove that the defendant was negligent in all of the ways alleged. In these grounds it is the contention of the movant that this charge submitted to the jury an issue with respect to grounds of negligence charged in the petition as to which there was no evidence. Assuming, but not deciding, that the contentions of the movant with respect to the absence of evidence in proof of two grounds of negligence alleged are true, this charge was not error for the reason urged. The charge complained of stated an abstractly correct principle of law which was applicable to this case. *Southern Ry. Co. v. Bullock,* 42 Ga. App. 495, 498 (3) (156 SE 456); *Chandler v. Pollard,* 64 Ga. App. 122, 125 (1) (12 SE2d 190); *Butler v. Kane,* 96 Ga. App. 521, 523 (1) (100 SE2d 598). It was not a charge submitting issues to the jury but merely told the jury what minimum facts with respect to the defendant's negligence the plaintiff would have to prove in order to recover. If the defendants desired an instruction withdrawing from the jury's consideration any of the grounds of negligence alleged in the petition because they deemed such grounds not proven by the evidence, they should have submitted a written request for such instructions. These grounds of the motion show no error. See *Columbus Mfg. Co. v. Gray,* 9 Ga. App. 738, 741 (72 SE 273);

*Southern Ry. Co. v. Williamson,* 53 Ga. App. 856 (1) (186 SE 902) ; *Barbre v. Scott,* 75 Ga. App. 524, 534 (7) (43 SE2d. 760).

■ The eighth ground of the motion for a new trial assigns error on a portion of the charge of the court submitting to the jury the question as to how much they would allow the plaintiff as damages for pain and suffering "up to the present, if you find the plaintiff has suffered up to the present, and what you will award for future pain and suffering, if you find the plaintiff will suffer in the future." Error is assigned on the charge because the judge did not further instruct the jury that they should reduce the amount awarded for any future pain and suffering to its present cash value. This is not a good assignment of error.. An otherwise correct principle of law is not rendered incorrect by the failure to instruct in immediate connection therewith another pertinent and applicable principle of law. *Burton & Class v. Connell,* 84 Ga. App. 106 (2) (65 SE2d 620) ; *City of Decatur v. Robertson,* 85 Ga. App. 747, 751 (5) (70 SE2d 135).

■ Ground 9 complains of the failure of the court to define the term "proximate cause." It was not error in the absence of a request therefor for the court to fail to instruct the jury as to the meaning of the term "proximate cause." *City Ice Delivery Co. v. Turley,* 44 Ga. App. 32, 38 (10) (160 SE 517).

■ Ground 11 contends that the court erred in permitting counsel for the plaintiff to elicit from the defendant Williams testimony that he could not tell the jury how or why the plaintiff failed to exercise care and diligence for her own safety and that he did not know of anything in the world the plaintiff could have done to have avoided her injury. The assignment of error on the admission of this testimony fails to show that any objection was made to the testimony at the time of its admission, or if any objection was made, what the grounds thereof were. This ground is, therefore, insufficient to raise any question for decision. *Crosby v. Rogers,* 197 Ga. 616, 621 (1) (30 SE2d 248). Moreover, see *Bentley v. Ayers,* 102 Ga. App. 733, 735 (117 SE2d 633).

■ It is not error, as contended in special ground 1, to instruct the jury that the plaintiff claims damages for diminished capacity to labor and work and shame and embarrassment re-

sulting from her deformity, that these are legitimate items of damage in considering mental pain and suffering; that the jury is to determine what this damage amounts to up to the present if they find she has suffered to the present, and further determine how long it will continue into the future, if at all. Damages for loss of capacity to work and labor are, as the court instructed, a part of the damage element of pain and suffering, and are not, as contended by the plaintiff in error here, in any way dependent upon proof of facts showing that the plaintiff did in fact earn money. "There is only one *compensation* for permanent injury as related to ability to labor, earning capacity, or future lost earnings, but that one compensation in the majority of cases involves all three elements, and the elements are arrived at in a different manner because of the exigencies of the case." *Jones v. Hutchins*, 101 Ga. App. 141 (113 SE2d 475). "[This] means that there can be only one aggregate compensation for (a) pain and suffering caused by loss of capacity to labor . . . (b) decreased earning capacity resulting in pecuniary loss, and (c) loss of definite earnings . . . Element (a) is determined from the jurors' enlightened conscience. Element (b) must be proved by evidence from which the jury can arrive at, estimate, or reasonably infer a pecuniary value for the loss. Element (c) is determined from evidence as to what plaintiff's actual future earnings would have been." *Hunt v. Williams*, 104 Ga. App. 442, 450 (122 SE2d 149). Only element (a) is involved here, and the charge as given was correct.

■ Plaintiff insists on the general grounds of the motion for a new trial, in connection with which he contends, in special ground 7, that the verdict of $18,000 was so excessive as to show bias and prejudice. The evidence, set out hereinabove, greatly preponderated to, if it did not actually demand, a finding that the injuries inflicted resulted solely from the defendant's negligence. It also showed in detail that the plaintiff, a right-handed woman, suffered the loss of most of her right thumb and forefinger, either originally or as the result of subsequent amputation, resulting in intense and prolonged physical deformity. In addition, she received injuries from a blow on the head

and neck. At the time of the trial she was still suffering pain in the finger stumps. The verdict was materially less than the $50,000 sued for, and the amount to be awarded was within the enlightened conscience of the jurors. *Criswell Baking Co. v. Milligan*, 77 Ga. App. 861, 876 (50 SE2d 136). "In the absence of any showing of actual bias or mistake the amount of the verdict which might be attributable to pain and suffering, past, present, and future, even if generous, would not afford a legal basis for a holding by an appellate court of this State that the verdict was excessive as a matter of law." *Atlanta & West Point R. Co. v. Gilbert*, 82 Ga. App. 244, 248 (60 SE2d 787). These grounds are without merit..

*Judgment affirmed. Eberhardt and Custer, JJ., concur.*