### 39555. FLOYD v. MORGAN.

Dᴇᴄɪᴅᴇᴅ Jᴜʟʏ 16, 1962.

*Ben F. Smith,* for plaintiff in error.

*Woodruff, Latimer, Savell, Lane & Williams, Edward L. Savell,* contra.

BELL, Judge. ■ The allegation in the petition that the defendant was negligent in failing to warn the plaintiff or his wife of the danger that an explosion might result if the wires were re-inserted in the electrodes does not charge actionable negligence since there are no allegations in the petition that the defendant knew or should have known that the plaintiff was re-inserting the wires. It is obvious that if the defendant had no knowledge of the plaintiff's action, the defendant would have no duty to warn him of the hazards involved.

■ The petition charges that the damages and injuries the plaintiff sustained were directly and proximately caused by acts

of negligence of the defendant in failing to complete the installation of the wires to the electrodes; in failing to discover and correct the faulty installation later on; and in failing subsequently to connect properly the wires after repeated promises to do so; and in assuring the plaintiff's wife that there was no danger of the furnace exploding, which assurance the defendant knew would be communicated to the plaintiff.

Under the facts alleged in the petition, these charges of negligence could be found by the jury to be actionable. "Representations imply knowledge, and if a tradesman sells or furnishes an article representing it to be safe for the uses for which it was designed . . . and if it turns out that the article was defective, then, in a suit against him for injuries occasioned thereby, an allegation that he either knew or ought to have known of the defects will be sufficient as a charge of negligence in his failure to know." *King Hardware v. Ennis*, 39 Ga. App. 355, 363 (147 SE 119). See also *Chitty v. Horne-Wilson, Inc.*, 92 Ga. App. 716 (89 SE2d 816).

"One so supplying a chattel is subject to liability if by word or deed he leads those who are to use the chattel to believe it to be of a character or in a condition safer for use than he knows it to be or to be likely to be." *Moody v. Martin Motor Co.*, 76 Ga. App. 456, 459 (46 SE2d 197).

We feel that the duty to warn persons of dangers of chattels supplied or repaired extends to a faulty component part of a furnace and its wiring. The same liability which adheres to the manufacturer attaches also to an independent contractor who repairs an article or machine. *Moody v. Martin Motor Co.*, 76 Ga. App. 456, 461, supra. See also 2 Restatement, Torts, §§ 395-398 and 404.

The defendant urges that since the petition shows the plaintiff was an electronics serviceman and that he started the furnace by inserting the loose wires into the electrodes, it would be assumed that the plaintiff had knowledge of what he was doing and assumed the risks incidental thereto. We feel the plaintiff has well answered in his brief this contention that the plaintiff could no more be charged with knowledge of the mechanism of an oil furnace than the defendant could be

charged with knowledge of the mechanism of an electronic brain.

Questions of the plaintiff's contributory negligence or assumption of risk under the facts alleged would be for the jury to determine.

Each of the allegations of the petition initially recited in this division of the opinion charged actionable negligence. The trial court properly overruled the general demurrer to the amended petition.

*Judgment affirmed. Felton, C. J., and Hall, J., concur.*