40804. GEORGIA HYDRATANE GAS, INC. v. WHITE.

DECIDED NOVEMBER 24, 1964—REHEARING DENIED
DECEMBER 16, 1964.

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr., Warner R. Wilson, Jr.,* for plaintiff in error.

*James M. Newsome, Jr., Guy R. Dunn,* contra.

FRANKUM, Judge. ■ The only demurrers argued, hence the only ones ruled on, are those two concerning paragraph 18 of the petition as amended, which alleges that the plaintiff relied on the defendant's representations or assurances that the furnace as installed was safe to operate and that this reliance caused his alleged losses. The demurrers are based on the theory that this allegation was totally irrelevant to any cause of action set out by the plaintiff and that it alleged a new cause of action separate and distinct from that originally sued upon. Such allegations of representations of the safety of defective articles, where the one supplying, repairing or installing the article knew or ought to have known of the defects, have been held by this court to be

sufficient as charges of negligence in failing to know of the defects. See *Floyd v. Morgan,* 106 Ga. App. 332, 335 (127 SE2d 31), and cases cited. Had this paragraph alleged a wilful misrepresentation, made with the intent of deceiving the plaintiff, it would have set forth another and separate cause of action, but such is not the case here where the allegation is mere negligence in not knowing of the defect or defects. The court did not err in overruling the special demurrers to paragraph 18 of the petition as amended.

■ The court did not err in its judgments overruling the motions for a new trial on the general grounds and judgment n.o.v.

The evidence pointed to two most possible theories of the origin of the fire, i.e., from faulty wiring in the building and from causes arising out of a faulty or improperly installed furnace. The only evidence as to faulty wiring is that the wiring at the time of the fire was probably the original wiring, which was installed around 1927 when the building was erected, that it had not been used for several years after it was used as a dairy barn, and that the plaintiff's son had had to repair the wiring on the outside in order to get power. On the other hand, the evidence showed that the wiring had been utilized for lighting, that it was on the same circuit as the well pump, which was operating on the day of the fire, and that the only repair needed to make the power available was the connecting of a wire on the outside of the building, 6 to 10 inches from the building, which work was done in a proper manner. This evidence was not sufficient to demand a finding that faulty wiring was the proximate cause of the fire, certainly, and was not strong enough to exclude the other theory of the cause, i.e., faulty installation of the furnace, as the more probable cause.

The following evidentiary facts were sufficient to authorize the finding that the fire was caused by one or more of the alleged acts of negligence on the part of the defendant: The twelve-year-old used furnace was installed, including all the wiring, by the employees—one of whom had been with the defendant company only about 3 weeks, was not a licensed electrician, had probably installed only one furnace before and was subsequently fired for his unsatisfactory work—the other one being merely a

helper who was not supposed to actually install furnaces and who admitted that he had never installed a furnace in a wall like this, that the plaintiff had told them to install it on the concrete floor and that if he were installing it again he would vent it, as they did on all other furnace installations. The defendant's branch manager knew that the furnace was not designed for installation within a wall and when he checked the installation he saw it so installed, contrary to his instructions, and saw no ventilating pipes, heat deflectors or panels or insulation around the furnace. The employees who installed the furnace burned out a transformer by connecting it to the wrong line, necessitating their leaving the pilot light on. They reported that the furnace was faulty (a faulty magnetic valve, they thought) and one of defendant's service men, who had had no previous experience in servicing furnaces, did not replace the valve because he thought there was nothing wrong with it, but found the manual control button stuck. He found that the pilot light, which the men installing it had lit, had gone out. He nailed a *wooden board* over the opening in the wall, just some 8-15 inches directly above the furnace grate, where the full heat of the furnace was discharged. An expert witness testified that it was highly probable that the furnace as installed could have caused the fire, the heat from the furnace being trapped in the confined area acting like a blow torch on the wooden materials. There was evidence that the thermostat had been set to go on at 50° and that the temperature on the night before the fire occurred in the early morning got down to 45-50°. While much of the plaintiff's evidence was circumstantial in nature, it was nevertheless sufficient to show that there were many irregularities in the installation and some inexperience on the part of those installing the furnace which together could very probably have caused the fire. The defendant was in charge of the installation and even if the jury found that the plaintiff might have acquiesced in the location of the installation, they could still find that he was entitled to rely on their judgment and representations as to such a matter which was supposedly within their knowledge and experience in that business. While the evidence did not authorize a finding that the defendant was negligent in all the particulars alleged, it

did authorize the finding that it was negligent in at least one and possibly more.

The defendant contends that the measure of damages for the loss of the barn and potato house is the cost of restoring them to the condition they were in when the damage occurred, and that the only evidence introduced as to the value of the buildings was the cost of erecting new buildings; and that as to the personal property, which was totally destroyed by the fire, the measure of damages was the market value at the time of destruction, and that the only evidence was the approximate purchase price when originally purchased. There was considerable evidence as to the age of the buildings; that they were constructed of original pine lumber, which was better than that currently available; that they were in good condition at the time of their destruction by fire. There was evidence detailing the type of construction, the size of timbers, and the type of lumber. There was evidence that the barn could be rebuilt for $3.00 per square foot, that is, about $7,000, and that the shed could be rebuilt at a cost of $2.50 per square foot that is, about $3,300. There was evidence that the labor cost only of replacing the potato house was $660. While the witness who offered this testimony was very positive in stating that this estimate was to rebuild new and not to restore to the condition they were in at the time of the fire, he did testify that such restoration, because of the lack of availability of some of the materials, might cost more. There was evidence as to the age of some of the personal property; there was evidence that none of it was new; there was evidence as to the age of the equipment in the dairy barn by reason of the testimony that the dairy had not been operated since 1948; there was testimony that the approximate cost of some of the personal property destroyed was over $900. As to some of the personal property there was no testimony as to its value. The plaintiff testified that "to reconstruct it, to get as near as we can get at it, it is between $18,000 and $20,000." The evidence amply authorized the finding by the jury that the defendant suffered damage in the amount of $11,000.

The first two special grounds of the motion for new trial complain, respectively, of charges of the court on the measure of

damages as to the buildings destroyed by fire (see *Morrow v. Johnston*, 85 Ga. App. 261, 266, 68 SE2d 906), and on the measure of damages as to the personal property destroyed by fire on the grounds of lack of evidence as to the requisite values. These grounds are, for the most part, amplifications of the general grounds, already ruled upon.

Insofar as these special grounds find fault with the charges because of the lack of evidence to support some of the claims of value, thus resulting in the contention that these charges in effect submitted issues of values to the jury as to some of the property, when there was no evidence of these values, is without merit. If the trial judge had eliminated the value of these particular items of property from the consideration of the jury, in order to have avoided the alleged error, this would have been equivalent to directing a verdict as to these items. It is never error to refuse to direct a verdict.

■ Headnote 3 requires no elaboration.

■ Special ground 7 complains of error in the following charge: "Now gentlemen, in order to entitle the plaintiff to recover in this case, the plaintiff must prove by a preponderance of the evidence that the defendant was negligent in at least one of the particular acts of negligence set out in the petition as amended, and that such negligence was the proximate cause of the damages which the plaintiff contends that he sustained, and that the plaintiff is otherwise entitled to recover under the evidence, and the instructions of the court." It is contended that this charge was prejudicial to the defendant in that it indicated to the jury that if they found the defendant guilty of any of the acts charged against it the defendant would thereby be guilty of negligence, whereas whether the alleged acts were negligence was a matter for the jury to determine. While this instruction was somewhat inaptly stated, its meaning is sufficiently clear, namely: that the plaintiff must prove that at least one of the alleged acts of negligence was in fact perpetrated by the defendant, that such act or acts of alleged negligence did in fact constitute negligence, and finally, that such negligence, if it existed, must be found to be the proximate cause of the damages. The court did not err in overruling special ground 7.

■ Special grounds 8, 9, 10, and 11 complain of the court's charge to the effect that the plaintiff's recovery depended upon proof by a preponderance of the evidence that the defendant was negligent in at least one of the alleged particulars of negligence, whereas the evidence failed to show that the alleged particulars with regard to use of vent pipes, failure to follow manufacturer's specifications, use of wooden braces and use of only one thermostat, respectively, did in fact amount to negligence. While it is error to give a charge authorizing a finding upon an issue raised in the pleadings but not supported by the evidence, unless it is apparent from the record that the jury could not have been misled and confused by it, the charge here complained of was not a charge authorizing the jury to make a finding based on grounds of negligence charged in the petition but not supported by the evidence. The charge here was as follows: "Now Gentlemen, in order to entitle the plaintiff to recover in this case, the plaintiff must prove by a preponderance of the evidence that the defendant was negligent in at least one of the particular acts of negligence set out in the petition as amended, and that such negligence was the proximate cause of the damages which the plaintiff contends that he sustained, and that the plaintiff is otherwise entitled to recover under the evidence, and the instructions of the court."

In *Williams v. Vinson,* 104 Ga. App. 886, 891 (2) (123 SE2d 281, 91 ALR2d 889), a case where the charge complained of and the complaint made were substantially like the charge and complaint in this case, it was said: "In these grounds it is the contention of the movant that this charge submitted to the jury an issue with respect to grounds of negligence charged in the petition as to which there was no evidence. Assuming, but not deciding, that the contentions of the movant with respect to the absence of evidence in proof of two grounds of negligence alleged are true, this charge was not error for the reason urged. The charge complained of stated an abstractly correct principle of law which was applicable to this case. [citations]. It was not a charge submitting issues to the jury but merely told the jury what minimum facts with respect to the defendant's negligence the plaintiff would have to prove in order to recover." See also *Southern*

*R. Co. v. Bullock,* 42 Ga. App. 495, 498 (3) (156 SE 456), and *Hix-Green Co. v. Dowis,* 79 Ga. App. 412, 416 (1) (53 SE2d 601), and cits.

The charge here complained of stated a general proposition which could hardly ever be error in a case like this where more than one act of negligence has been charged against the defendant as the basis for the plaintiff's right to recover. None of these grounds of the motion for a new trial can be construed as an assignment of error on the failure of the court to charge some other pertinent and legal proposition of law, and the charge as given was not error for any of the reasons assigned. In his charge to the jury the judge instructed them that the written contentions of the plaintiff as set forth in his petition and the written contentions of the defendant as set forth in its answer would be out with them and that they could look at these pleadings to ascertain in detail the contentions of the parties, and that these pleadings were not evidence in the case and that the burden was on the plaintiff to make out his case by a preponderance of the evidence, which the court then proceeded to define. The court further re-emphasized this point by again instructing the jury later on in the charge that the plaintiff had the burden of proving by a preponderance of the evidence that the defendant was negligent and that its negligence was the proximate cause of the plaintiff's damages.

For these reasons the assignments of error contained in special grounds 8, 9, 10, and 11 were all without merit, and the trial court properly overruled those grounds.

*Judgment affirmed. Nichols, P. J., Bell, P. J., Jordan, Hall, Eberhardt, Russell, and Pannell, JJ., concur. Felton, C. J., dissents.*

FELTON, Chief Judge, dissenting. I dissent from the ruling in Divisions 4 and 5 and from the judgment.

Special grounds 8, 9, 10 and 11 complain of the court's charge to the effect that the plaintiff's recovery depended upon proof by a preponderance of the evidence that the defendant was negligent in at least one of the alleged particulars of negligence, whereas the evidence failed to show that the alleged particulars with regard to use of vent pipes, failure to follow manufacturer's

specifications, use of wooden braces and use of only one thermostat, respectively, did in fact amount to negligence. Where an issue, though raised in the pleadings, is not supported by the evidence, it is error to give a charge authorizing a finding upon such issue, and, unless it is apparent from the record that the jury could not have been misled and confused by it, such charge is cause for a new trial. *Atlantic C. L. R. Co. v. Godard,* 211 Ga. 373 (2) (86 SE2d 311); *Central of Ga. R. Co. v. Keating,* 177 Ga. 345 (4a,b) (170 SE 493); *Atlantic C. L. R. Co. v. Anderson,* 75 Ga. App. 829 (3) (44 SE2d 576); *Columbus Mfg. Co. v. Gray,* 9 Ga. App. 738 (72 SE 273); *Americus Gas &c. Co. v. Coleman,* 16 Ga. App. 17 (84 SE 493); *Atlantic C. L. R. Co. v. Baker,* 32 Ga. App. 513 (123 SE 909); *Western &c. R. Co. v. Branan,* 123 Ga. 692 (3) (51 SE 650); *Executive Committee of the Baptist Convention v. Ferguson,* 213 Ga. 441 (99 SE2d 150); *Investors Syndicate v. Thompson,* 172 Ga. 203 (2b) (158 SE 20); *Beadles v. Bowen,* 106 Ga. App. 34, 36 (4) (126 SE2d 254); *Code Ann.* § 70-207, catchwords "Negligence, contributory negligence." Each of the above-mentioned alleged acts of negligence was shown by the evidence to be either not negligent at all, or, even if negligent, not the sole or concurrent proximate cause of the damage. Since there is no way to determine whether the jury found against the defendant on any or all of these issues unsupported by the evidence, the charge could have been misleading; therefore a new trial should be granted on special grounds 8, 9, 10, and 11. *Williams v. Vinson,* 104 Ga. App. 886, supra, cited by the majority, is contrary to the rule stated in the above cases by this court and the Supreme Court. In no other circumstances have the courts held that before a party can except to the submission of an issue to a jury which is not supported by evidence, he must make some kind of motion to call the matter to the court's attention. I realize that the judgment n.o.v. law authorizes directed verdicts as to separable issues but I do not construe the law and decisions as requiring that the matters be specifically called to the court's attention in other instances such as this one.

I think the court erred in its judgment overruling special grounds 8 through 11 of the motion for a new trial.