Jack BUSBEE, Jr., Plaintiff-Appellant,

v.

John F. SULE and Stearn Sailing Systems, Defendants-Appellees.

No. 79–1126
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 5, 1979.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

J. Converse Bright, Valdosta, Ga., for plaintiff-appellant.

F. Thomas Young, Valdosta, Ga., for defendants-appellees.

Before COLEMAN, FAY and RUBIN, Circuit Judges.

PER CURIAM:

In this diversity case from Georgia, Jack Busbee, Jr. (Busbee) sued John F. Sule (Sule) and Stearn Sailing Systems (Stearn) to recover damages for injuries he suffered when the motorcycle he was driving collided with a trailer. Sule was the driver of the car towing the trailer and Stearn owned the trailer. In the jury trial below, the judgment was in favor of Sule and Stearn.

In this appeal Busbee claims that the District Court erred (1) in denying his motion to suppress his hospital records which the defendants had obtained through the alleged abuse of subpoena, (2) in admitting into evidence a copy of a police officer's accident report, (3) in allowing police officers to testify that they had not filed any criminal charges against Sule, and in instructing the jury concerning the doctrine of last clear chance. We affirm.

■ Busbee's first contention is that the District Court erroneously denied his motion to suppress his hospital records which the defendants had procured by the alleged abuse of subpoena. Defense counsel obtained a blank subpoena duces tecum and directed it to the custodian of records, a Mrs. Fletcher, at a hospital where Busbee had been treated following the collision. Dated October 9, 1978, the subpoena purportedly required Mrs. Fletcher to appear with all of Busbee's medical records in Federal Court at 2:00 p. m. on the same day. When defense counsel presented the subpoena to Mrs. Fletcher and asked to see Busbee's medical records, Mrs. Fletcher replied that counsel would have to get a court order to gain access of the records. Defense counsel then assured Mrs. Fletcher that the subpoena was such an order. Unable to contact anyone at the Federal Courthouse which was closed for Columbus Day, Mrs. Fletcher handed counsel the records which he copied. Later counsel secured a proper subpoena for the records.

Busbee argues that this use of subpoena grievously violates Fed.R.Civ.P. 45 in that he had no opportunity to receive notice of the subpoena. Busbee contends that the only possible deterrent to this type of private discovery is the suppression of the evidence so gained. The District Court called defense counsel's use of subpoena "questionable" but denied Busbee's motion to suppress; however, the defendants did not attempt to introduce the evidence at trial.

The District Court's denial of the motion to suppress is covered by the language of Fed.R.Civ.P. 61,[1] which states that a "court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." Because counsel for the defendant later secured a proper subpoena for the records, the denial of the motion to suppress did not affect any rights of the plaintiff. In any event, the evidence was never introduced at trial. We, therefore, hold that the District Court did not err in denying Busbee's motion to suppress his medical records.

■ Busbee's second issue is that the District Court erroneously admitted into evidence a copy of the investigating police officer's accident report. Busbee's main argument is that the report revealed that the police officer had filed no criminal charges against Sule in connection with the accident. We would find Busbee's various ar-guments more persuasive if the report had been admitted as substantive evidence; however, the District Court clearly admitted the report as a prior inconsistent statement for impeachment purposes only and, at Busbee's request, so instructed the jury in accordance with Fed.R.Evid. 105.[2] Counsel have cited Georgia cases reaching a similar conclusion; we do not cite these because the admissibility of evidence in the federal courts is governed by the Federal Rules of Evidence. We, therefore, hold that the District Court did not abuse its discretion in admitting the accident report into evidence for impeachment purposes.

■ Next Busbee claims the District Court erred in allowing two police officers who had investigated the accident to testify that they had brought no criminal charges against Sule. Busbee contends that Fed.R. Evid. 803(22)[3] by implication bars evidence concerning criminal charges or the lack thereof from civil cases. We must, however, point out that, as with the accident report, the District Court permitted the police officers to answer questions concerning the lack of charges only for the purpose of impeaching the officers' prior testimony alleging that Sule had, in connection with the accident, violated the law. We do not believe that Fed.R.Evid. 803(22) applies here because the testimony was admitted only for impeachment purposes and not as hearsay "to prove the truth of the matter",

1. Fed.R.Civ.P. 61 reads as follows:

No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

2. Fed.R.Evid. 105 reads as follows:

When evidence which is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly.

3. Fed.R.Evid. 803(22) reads as follows:

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

. . . . .

(22) Judgment of previous conviction. Evidence of a final judgment, entered after a trial or upon a plea of guilty (but not upon a plea of nolo contendere), adjudging a person guilty of a crime punishable by death or imprisonment in excess of one year, to prove any fact essential to sustain the judgment, but not including, when offered by the Government in a criminal prosecution for purposes other than impeachment, judgments against persons other than the accused. The pendency of an appeal may be shown but does not affect admissibility.

Fed.R.Evid. 801(c). We, therefore, are not persuaded that the District Court erred in admitting this testimony.

 Finally Busbee argues that the District Court improperly instructed the jury concerning the doctrine of last clear chance.[4] We believe Busbee has confused the doctrine of last clear chance with that of avoidance because the District Court's instruction was clearly based on the latter and not on the former. In a personal injury case the last clear chance doctrine applies only to the defendant and has as its test whether the defendant actually "knew of the plaintiff's perilous situation and had opportunity to take proper evasive action to avoid injuring him," *Conner v. Mangum,* 132 Ga.App. 100, 207 S.E.2d 604, 609 (1974). On the other hand, the avoidance doctrine applies only to the plaintiff and has as its test whether the plaintiff knew or should have known of the defendant's negligence and could have avoided the consequences of that negligence, *Williams v. Vinson,* 104 Ga.App. 886, 123 S.E.2d 281 (1961). Here Busbee, of course, is the plaintiff so he falls under the doctrine of avoidance. We need only add that the instruction correctly stated this doctrine, *Georgia Power Company v. Maxwell,* 52 Ga.App. 430(3), 183 S.E. 654 (1936).

The judgment of the District Court is AFFIRMED.

4. Concerning the doctrine of avoidance the District Court instructed the jury as follows:

Now, I further charge you that it is the duty of all persons to exercise ordinary care to avoid the consequences of another person's negligence. So, in this case, if you should find that the defendants were negligent but that the plaintiff, Mr. Busbee, on the particular occasion in question, could, by the exercise of ordinary care, have avoided the consequences of the defendant's negligence, where that negligence became apparent to him, or where, by the exercise of ordinary care on his part he could have become aware of it, then the plaintiff could not recover any in this case, because the operator of a motor vehicle is bound to exercise ordinary care to avoid injury to himself. And if the plaintiff, in the exercise of ordinary care, could have avoided his injury, then, of course, he could not recover.

I charge you, however, that this duty to exercise ordinary care to avoid the consequences of another person's negligence does not arise until after such negligence is discovered, or in the exercise of ordinary care it should have been discovered.

If, however, the defendants were negligent and the plaintiff, under the facts and circumstances existing at the time, could not, by the exercise of ordinary care on his part, have avoided the injuries or consequences of the defendants' negligence, then the defendants would be liable to the plaintiff and the plaintiff would be entitled to recover, if that negligence, on the part of the defendants, was the proximate cause of the collision.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.