# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60138
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 2, 2014

Lyle W. Cayce
Clerk

GEORGE H. DUKE,

Plaintiff-Appellant

v.

PERFORMANCE FOOD GROUP, INC.

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:11-CV-220

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant George H. Duke brought claims under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, the Americans with Disabilities Act, 42 U.S.C. § 12111, *et seq.*, and the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, against his former employer, Performance Food Group. After a jury trial, a verdict was rendered in favor of Performance Food Group on all counts. Duke now appeals two of the district court's evidentiary

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

orders.  First, Duke appeals the district court's decision to allow defendant Performance Food Group, Inc. to call two witnesses not named in discovery disclosures or the pre-trial order.  Additionally, Duke appeals the district court's decision to allow Performance Food Group to introduce documents obtained through a subpoena *ducas tecum* served on a witness without prior notice to Duke.  Because Duke's claims call for review of the admission or exclusion of evidence, review is for abuse of discretion.  *See, e.g.*, *Tompkins v. Cyer,* 202 F.3d 770, 779 (5th Cir. 2008).

For the reasons that follow, we conclude that the district court's decision to allow Performance Food Group's witnesses to testify was not an abuse of discretion.  Witnesses that are used solely for impeachment do not have to be disclosed to the opposing party prior to trial.  *See* Fed. R. Civ. P. 26(b)(3); *Longino v. Chiles Offshore, Inc.*, 71 F.3d 878 (5th Cir. 1995) (unpublished) (finding that the district court did not abuse its discretion by allowing a witness not listed in the pre-trial order to testify when his testimony only served to impeach the plaintiff's testimony).  The witnesses at issue here were called after Duke testified that (1) he did not receive disciplinary write-ups at his previous job with a company called U.S. Foods until after he interviewed for a job at Performance Food Group, and (2) that he was not fired from U.S. Foods. A review of the record indicates that these unlisted witnesses only testified to impeach Duke's testimony and refute these two claims.  Therefore, Performance Food Group was not required to alert Duke to these witnesses' testimony prior to trial.

Duke argues that because his testimony could have been "reasonably anticipated" the witnesses cannot be properly classified as impeachment or rebuttal witnesses.  *Quanta Servs. Inc. v. Am. Admin. Grp. Inc.,* 384 F. App'x 291, 295 (5th Cir. 2008) (unpublished) (finding that a witness used solely for

impeachment does not have to be revealed before trial, but a witness who is expected to contradict an anticipated portion of the plaintiff's case in chief must be). The relevant portion of Duke's testimony at issue here, was apparently meant to defeat Performance Food Group's argument under the "after acquired evidence doctrine," that if Duke prevailed on his discrimination claim, his damages should be limited to the period before Performance Food Group would have discovered a non-discriminatory reason for his termination—here, that Duke lied on his employment application.[1] Although both parties concede that the application of the "after acquired evidence doctrine" was referenced in the pre-trial order, nothing in the record on appeal indicates that Duke pleaded or argued in any pretrial motions that he did not receive disciplinary write-ups or was not fired from U.S. Foods. Further, Performance Food Group alleges (and Duke does not deny) that the U.S. Food records, which were produced and available to Duke during discovery, contained evidence of Duke's termination from U.S. Foods and his write-ups. Accordingly, Duke has not shown that the defendants should have anticipated his testimony regarding a position not previously expressed and which directly contradicted the evidence that both parties possessed. *Compare Morgan v. Commercial Union Assurance Cos.,* 606 F. 2d 554 (5th Cir. 1979) (finding that a treating physician in a back injury damages award case was not an impeachment witness because plaintiff in an

---

[1] Under the "after acquired evidence doctrine," if an employer can establish that an employee's wrongful act was severe enough to terminate the employee on those grounds alone, the employer can limit his damages for discrimination to back pay until the employer discovered the employee's wrongdoing. *McKennon v. Nashville Banner Pub. Co.,* 513 U.S. 352, 361-62 (1995). The record indicates that Duke informed Performance Food Group that his *current* employer was U.S. Foods when he applied. However, Duke later admitted that his employment with U.S. Foods had ended days before applying to Performance Foods. Performance Food Group alleged that it never would have hired Duke if they were aware that he lied on his application, and that lying on the application was grounds for termination. Duke's testimony that he was not disciplined or terminated by U.S. Foods therefore seemingly was meant to defend against Performance Group's argument under the after acquired evidence doctrine.

injury case who has pled that a specific incident caused his injury is expected to maintain that position). Therefore, Performance Food Group's failure to identify these impeachment witnesses in discovery or list them in the pre-trial order does not violate the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(b)(3)(A)(i) (stating that a party must provide information about each witness it may present at trial other than those "solely for impeachment").

Further, Duke's alternative contention on appeal that if the witnesses were impeachment witnesses, they only impeached "totally collateral matters" and, therefore, should not have been allowed to testify, is likewise unfounded. Duke voluntarily brought the facts regarding his previous employment into issue through his own testimony on direct examination and his counsel's opening statement. As we have explained, "if the opposing party places a matter at issue on direct examination, fairness mandates that the other party can offer contradictory evidence even if the matter is collateral." *Jones v. Southern Pacific R.R.,* 962 F.2d 447, 450 (5th Cir. 1992). Accordingly, Performance Food Group properly called their impeachment witnesses without notice to Duke, regardless of whether the impeachment was concerning a collateral matter. The district court did not abuse it's discretion by allowing these witnesses to testify.

Finally, the district court did not abuse its discretion by allowing Performance Food Group to admit documents received by a subpoena *ducas tecum* when Duke did not receive prior notice of the subpoena. While prior notice to the opposing party is required for a subpoena *ducas tecum*,[2] a "court at every stage of the proceeding must disregard any error or defect in the

---

[2] *See* Fed. R. Civ. P. 45(a)(4) (stating that if a subpoena demands the production of documents, notice and a copy of the subpoena must be served on each party before it is served on the person to whom it is directed); *Bradley v. Keymarket of New Orleans, Inc.*, 26 F.3d 1119 (5th Cir. 1994) (unpublished) (finding that the district court has the authority to quash subpoenas that do not conform to the requirements of Rule 45).

proceeding which does not affect the substantial rights of the parties." Fed. R. Civ. P. 61; *Busbee v. Sule,* 603 F.2d 1197, 1199 (5th Cir. 1979). Duke does not contest Performance Food Group's allegation that all of the documents entered into the record that were obtained as a result of the subpoena had already been produced to him during discovery before the subpoena was served. Therefore, Duke's argument that his substantial rights were affected because his counsel did not have ample time to review the exhibit containing the subpoenaed documents is without merit. *Busbee,* 603 F.2d at 1199 (finding that the district court did not err by refusing to suppress evidence garnered by a defective subpoena when plaintiff's substantial rights were not affected because the subpoenaed materials were never actually entered into evidence). The district court did not abuse its discretion by admitting documents obtained by serving a subpoena without notice to the opposing party.

In sum, the district court acted within its discretion by allowing unlisted witnesses to testify for the purpose of impeachment. *See United States v. Skelton,* 514 F.3d 433, 439 (5th Cir. 2008). Further, Duke has failed to show that his substantial rights were affected when he did not receive prior notice of the subpoena that produced documents identical to those previously provided to him during discovery.

For these reasons, we AFFIRM.